**Opinion filed December 17, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00148-CV

_____

## IN THE INTEREST OF J.D.P., A CHILD

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C45997**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of J.D.P. The father timely filed a notice of appeal; the mother did not appeal. In three issues on appeal, the father challenges the legal and factual sufficiency of the evidence to support termination. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2015). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

In this case, the trial court found that the father had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (O). Specifically, the trial court found that the father had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the child.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Analysis*

The record shows that the Department of Family and Protective Services first became involved with the parents in this case before J.D.P. was born. The parents' older children were removed from the parents' care because of serious domestic violence committed by the father. That domestic violence occurred in the children's presence. The case involving the older children ultimately resulted in the termination of the parents' rights as to those children. J.D.P. was born while that case was pending. She was removed from her parents' care and has been in foster care since she was brought home from the hospital.

As a result of J.D.P.'s removal, the trial court ordered the father to complete various family services and notified him that his failure to fully comply could result in the termination of his parental rights. The evidence at trial showed that the father did not complete several of the required services and, thus, failed to comply with the trial court's order. On appeal, the father argues that, even if he did fail to comply with the trial court's order, a finding under subsection (O) cannot be upheld because the Department failed to prove by clear and convincing evidence that the child was removed due to abuse or neglect. He points out that there is no evidence in the record to indicate that J.D.P. was actually abused or neglected.

The Department, however, need not prove actual abuse or neglect of the child. *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013) (holding that "abuse or neglect" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed"). The court in *E.C.R.* stated that the words "abuse or neglect" as used in subsection (O) "include[] the harm suffered or the danger faced by other children under the parent's care." *Id.* Based upon the supreme court's interpretation of the words "abuse or neglect" as used in subsection (O), we hold that J.D.P. was removed for "abuse or neglect." *See id.* Thus, even though J.D.P. was removed from the parents shortly after her birth as a result of the previous case involving the parents' older children, the father was still required to comply with subsection (O) in this case. *See id.*; *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The record contains clear and convincing evidence that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect. Clear and convincing evidence also reflected that the child had been removed due to the risk of abuse or neglect and that the child had been in the care of the Department for well over nine months. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(O). The father's second issue on appeal is overruled

Because we find the evidence sufficient to support termination of the father's parental rights under subsection (O), we need not reach the father's first issue in which he challenges the sufficiency of the evidence to support termination under subsection (D). *See* TEX. R. APP. P. 47.1. A finding that the father committed any one of the acts under Section 161.001(b)(1)(A)–(T) is sufficient to support termination.

In his third issue, the father challenges the best interest finding. J.D.P. has lived with the same foster parents since she was released from the hospital after birth. According to the Department's caseworker, J.D.P. is in a very appropriate placement in a foster-to-adopt home. She is thriving in that home, and all of her needs are being met. J.D.P. has a strong bond with her foster parents. The Department's caseworker testified that the parents' visits with the child have not gone well. The parents talk to each other instead of interacting with the child. The caseworker has observed no bond between J.D.P. and her biological parents. Furthermore, the parents have not provided the Department with the name of any relative that would be a suitable placement for the child. The Department's goal for the child was for her to remain in the home with her foster parents and to be adopted.

The Department presented evidence that the father has failed to obtain safe, stable housing. He also, despite participating in a batterer's intervention program, has not demonstrated to the Department that he has made significant changes. He was observed in a confrontation with a man who dropped off the mother for a visit with the child. The father also failed to get a drug and alcohol assessment or go to counseling as required by his family service plan. His social media comments demonstrate a lack of respect for women and the Department. The Department's caseworker testified that the parents have not alleviated the safety risk to the child, that it would be dangerous for the child to go home with the mother or the father, and that termination of both parents' rights would be in the best interest of the child.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have formed a firm belief or conviction that it would be in the child's best interest for the father's parental rights to be terminated. We hold that the evidence is both legally

and factually sufficient to support the trial court's best interest finding. The father's third issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


December 17, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.